**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30151

MELINDA CORTEZ RODRIGUEZ,

Plaintiff-Appellant,

VERSUS

ADMIRAL LEE TOWING INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(94-CV-1583)

November 12, 1996

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIUM:[*]

Appellant Melinda Rodriguez brought wrongful death claims under the Jones Act against Appellee Admiral Lee Towing, asserting that her husband's suicide was a result of (1) suffering brought on by an on the job injury and/or (2) failure of the Appellee to pay the late Mr. Rodriguez's medical expenses. The court for the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Eastern District of Louisiana granted summary judgment in favor of the Appellee, ruling the suicide to be a superseding cause of Mr. Rodriguez's death, and thereby removing the possibility of a trier of fact finding the Appellee liable.

As in her argument before the district court, the Appellant does not contend on appeal that Mr. Rodriguez's demise was the product of insanity or an irresistible impulse. Rather, she contends that legal causation should have been permitted to go to the jury and that the focus of our inquiry should not be on "the elusive mental state" of the deceased. The trial court relied on the well-established rule that

> if one is sane, or if the suicide is during a lucid interval, when one is in full command of all faculties, but life has become unendurable by reason of the injury, it is agreed in negligence cases that the voluntary choice of suicide is an abnormal thing, which supersedes the defendant's liability.

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 44, at 311 (5th ed. 1984)(*citing Arsnow v. Red Top Cab. Co.*, 292 P. 436 (Wash. 1930); *Tucson Rapid Transit Co. v. Tocci*, 414 P.2d 179 (Ariz. App. 1966); *Lancaster v. Montesi*, 390 S.W.2d 217 (Tenn. 1965); *Stasiof v. Chicago Hoist & Body Co.*, 200 N.E.2d 88 (Ill. App. 1964); *Wallace v. Bounds*, 369 S.W.2d 138 (Mo. 1963); *McLaughlin v. Sullivan*, 461 A.2d 123 (N.H. 1983)). *See also Jamison v. Storer Broadcasting Co.*, 511 F.Supp. 1286, 1291-92 (E.D. Mich. 1981); *Halko v. New Jersey Transit Rail Operations, Inc.*, 677 F.Supp. 135, 142 (S.D.N.Y. 1987); Restatement (Second) of Torts §

2

455 (1965).

We conclude that the district court did not commit error in applying the rule to the present case.  Accordingly, we AFFIRM.